**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LEXINGTON LUMINANCE LLC** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:18-cv-301-ALM-KJP** |
| | § | |
| **LOWE'S HOME CENTERS, LLC,** | § | **JURY DEMANDED** |
| | § | |
| ***Defendant*.** | § | |
| | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") files this First Amended Complaint for patent infringement against Lowe's Home Centers, LLC and states as follows:

**THE PARTIES**

1. Plaintiff Lexington Luminance LLC is a limited liability company organized under the laws of Massachusetts with its principal place of business at 468 Lowell Street, Lexington, Massachusetts 02420.

2. On information and belief, Defendant Lowe's Home Centers, LLC ("Lowe's") is a limited liability company organized under the laws of North Carolina with a principal place of business at 1605 Curtis Bridge Road, North Wilkesboro, North Carolina 28697. Lowe's owns and operates home improvement stores in this District that sell the products alleged herein to infringe Lexington's patent.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

4. Venue is proper in this District under 28 U.S.C. 1400(b). On information and belief, Defendant has committed acts of infringement in this District by selling or offering for sale the products alleged herein to infringe Lexington's patent through several Lowe's home improvement stores, including 5001 N. Central Expressway, Plano, Texas 75023; 2055 N. Central Expressway, McKinney, Texas 75070; 8550 State Highway 121, McKinney, Texas 75070; and 1010 W. McDermott Drive, Allen, Texas 75013. Each of the foregoing Lowe's home improvement stores constitutes a regular and established place of business within this District. Thus, venue is also proper in this District because Defendant maintains at least one regular and established place of business within this District.

5. This Court has personal jurisdiction over the Defendant. Defendant has conducted and does conduct business within the State of Texas and within this District. Defendant purposefully and voluntarily sold one or more of the infringing products with the expectation that they will be purchased by and used by consumers in this District. These infringing products have been and continue to be purchased by and used by consumers in this District. Defendant has committed acts of patent infringement within the United States and, more particularly, within this District.

## PATENT INFRINGEMENT

6. Lexington incorporates by reference the paragraphs above as if fully set forth herein.

7. On August 30, 2005, United States Patent No. 6,936,851 B2 entitled "Semiconductor Light-Emitting Device and Method for Manufacturing the Same" was duly and legally issued

after full and fair examination. Lexington is the owner of all right, title, and interest in and to the patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.

8. On September 30, 2013, an *ex parte* reexamination no. 90/012,964 was initiated for United States Patent No. 6,936,851 B2. An *ex parte* reexamination certificate was issued on December 5, 2014 for United States Patent No. 6,936,851 C1. The patent, together with the *ex parte* reexamination certificate, is attached hereto as Exhibit A. United States Patent No. 6,936,851 B2 and 6,936,851 C1 are collectively known as the ’851 Patent.

9. The ’851 Patent is valid and enforceable.

10. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the applicable marking and/or notice requirements of 35 U.S.C. § 287.

11. Upon information and belief, Defendant has infringed and/or continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the ’851 Patent in this judicial district and elsewhere in the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling, and/or importing lighting products and other electronic devices including, without limitation, Kichler LED Decorative Collection 40-watt classic Lamp Design light bulbs, model number #0777419, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the ’851 Patent in substantially the same way to achieve the same result.

12. The devices above are collectively referred to as the “Accused Products.”

13. On information and belief, the Accused Products use Light-Emitting Diodes ("LEDs") that infringe one or more claims of the '851 Patent, including, at least, claim 1, as explained in the following paragraphs.

14. The LEDs used in the Accused Products are semiconductor light-emitting devices.

15. The LEDs used in the Accused Products contain a substrate.

16. The LEDs used in the Accused Products contain a textured district defined on the surface of said substrate comprising a plurality of etched trenches having a sloped etching profile with a smooth rotation of micro-facets without a prescribed angle of inclination.

17. The LEDs used in the Accused Products contain a first layer disposed on said textured district comprising a plurality of inclined lower portions, said first layer and said substrate form a lattice-mismatched misfit system, said substrate having at least one of a group consisting of group III-V, group IV, group II-VI elements and alloys, ZnO, spinel and sapphire.

18. The LEDs used in the Accused Products use a gallium nitride first layer.

19. The LEDs used in the Accused Products contain a sapphire substrate.

20. The LEDs used in the Accused Products contain a light-emitting structure containing an active layer disposed on said first layer, whereby said plurality of inclined lower portions are configured to guide extended lattice defects away from propagating into the active layer.

21. Defendant has been at no time, either expressly or impliedly, licensed under the '851 Patent.

22. Defendant's acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the wrongful acts of Defendant in an amount subject to proof at trial.

23. Since at least the date of filing of the original complaint in this action on April 26, 2018 and service of Lexington's infringement contentions, Defendant has been on notice of the '851 Patent, the products that infringe the '851 Patent, and how they infringe. Defendant is liable for contributory and/or inducing infringement. For example, Defendant is liable for inducement of infringement under 35 U.S.C. § 271(b) because, without limitation, it has intentionally induced or encouraged the direct infringement of the '851 Patent by Defendant's customers, by intentionally directing them and encouraging them to use within the United States one or more devices that embody the patented invention or upon Defendant's customers' use of the Accused Products in the ordinary, customary, and intended way. On information and belief, Defendant provides support to instruct its customers on how to use the infringing technology.

24. Defendant has been aware of the '851 patent since at least the date of filing of the original complaint in this action on April 26, 2018. Upon information and belief, Defendant deliberately infringed the '851 Patent and acted recklessly and in disregard to the '851 Patent by making, having made, using, importing, and offering for sale products that infringe the '851 Patent. Upon information and belief, the risks of infringement were known to Defendant and/or were so obvious under the circumstances that the infringement risks should have been known. Upon information and belief, Defendant has no reasonable non-infringement theories. Upon information and belief, Defendant has not attempted any design/sourcing change to avoid infringement. Defendant has acted despite an objectively high likelihood that its actions constituted infringement of the '851 Patent. In addition, this objectively-defined risk was known or should have been known to Defendant. Upon information and belief, Defendant has willfully infringed and/or continues to willfully infringe the '851 Patent. Defendant's actions of being made aware of its infringement, not developing any non-infringement theories, not

attempting any design/sourcing change, and not ceasing its infringement constitute egregious behavior beyond typical infringement.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all issues so triable.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment that:

1. Defendant has infringed the ’851 Patent;

2. Plaintiff recover actual damages under 35 U.S.C. § 284;

3. Plaintiff be awarded supplemental damages for any continuing post-verdict infringement up until final judgment;

4. Plaintiff be awarded a compulsory ongoing royalty;

5. Plaintiff be awarded an accounting of damages;

6. Plaintiff be awarded enhanced damages for willful infringement as permitted under the law;

7. A judgment and order requiring Defendant to pay to Plaintiff pre-judgment and post-judgment interest on the damages awarded, including an award of pre-judgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the ’851 Patent by Defendant to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

8. An award to Plaintiff of the costs of this action and its reasonable attorneys’ fees pursuant to 35 U.S.C. §285;

9. Such other and further relied as the Court deems just and equitable.

DATED: April 9, 2019

Respectfully submitted,

/s/*Robert D. Katz*
Robert D. Katz
Texas Bar No. 24057936
KATZ PLLC
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
888-231-5775 (fax)
rkatz@katzfirm.com

**ATTORNEYS FOR PLAINTIFF**
**LEXINGTON LUMINANCE LLC**